58    CIRCUIT COURT REPORTS—NEW SERIES.

Tiedtke Bros. Co. v. Williams.    [Vol. 13 (N.S.)

---

### INJURIES OTHER THAN THOSE ALLEGED IN THE PETITION.

Circuit Court of Lucas County.

THE TIEDTKE BROTHERS CO. v. LUCINDA WILLIAMS.

Decided, November 20, 1909.

*Pleading—In an Action for Personal Injuries—Evidence Inadmissible as to Injuries Not Alleged—Finding of Jury Where Evidence is Conflicting—Error—Charge of Court.*

It is prejudicial error to admit, over the objection of the defendant in an action for personal injuries, evidence as to injuries sustained by the plaintiff other than those alleged in the petition; and further error intervenes where the court charges the jury with reference to such other injuries.

*Frank H. Geer,* for plaintiff in error.
*A. H. Coldham,* contra.

KINKADE, J.; PARKER, J., and WILDMAN, J., concur.

This was an action in the court of common pleas to recover damages for injuries sustained by the negligence alleged of the plaintiff in error here, the defendant below, in the constructing and maintaining of a toilet room in their store, and negligence arising by reason of their having no light in the passageway leading to this toilet room.   Plaintiff claimed to have gone in without negligence on her part, and by reason of the darkness was unable to discover what she alleges to be a defect in construction, to-wit, a step leading into the toilet room at the end of the hall fartherest from the door through which she first entered, and by reason of there being no light, she fell and injured herself seriously as set up in the petition.   She describes

in the petition what her injuries are. The defendant answered, denying all negligence and setting up contributory negligence, and alleging particularly that the plaintiff was in such a state of intoxication that she was not in shape to take care of herself, and that her injury resulted from a fall that was induced by her own condition and want of care.

A large amount of testimony was taken on the issues presented by the pleadings, and the plaintiff recovered a judgment for the sum of $2,000. At the close of the plaintiff's testimony, a motion was made by the defendant for a verdict, and a like motion was made at the close of all the testimony, and following the verdict, a motion made for a judgment notwithstanding the verdict. All of these motions were overruled, and as we think from an examination of the record, correctly overruled.

The testimony is in very great conflict as to one matter, and that is as to whether the place that was complained of was lighted or not. There are a large number of witnesses for the defendant below, testifying that the light was there, and that the light was burning. There are witnesses testifying to the contrary in behalf of the plaintiff. The witnesses who testified on behalf of the defendant also testified that the party complaining, Mrs. Williams, was in an intoxicated condition, and many other facts pertaining to the injury. As I have said, the testimony is in great conflict in this regard, and we think it was very properly submitted to the jury. The plaintiff in the action below, Mrs. Williams, met the testimony relative to her intoxicated condition with testimony tending to show that was not only not her condition at that time, but that it was a trait or propensity that she did not have at all; that she was not in the habit of getting intoxicated, had never been intoxicated, etc. Therefore if the witnesses who testified as to her condition were mistaken in that regard by reason of its being some other party, if they were mistaken in the identity of the party, then they might have been mistaken as to the day they were talking about, and the volume of testimony which they offer relative to the light being there may have related to a different time. We think upon the whole that the court was entirely right in submitting that

60     CIRCUIT COURT REPORTS—NEW SERIES.

Tiedtke Bros. Co. v. Williams.        [Vol. 13 (N.S.)

question to the jury, and was entirely right in not directing a verdict at either time it was requested, as I have stated.

We find prejudicial error in this record in one regard only, and that is with respect to the injuries that were produced. Evidence was admitted in the case over the objection of the defendant that the plaintiff had sustained injuries other than those set forth in the petition, and injuries of a serious character—injuries such as testified to by physicans in the case, as might have resulted from the intoxication, if that were true. It is not necessary to cite authorities upon the proposition that the plaintiff should be required to state the injuries of which she complains, and that the action should be tried on the issues made in the pleadings, and no other. A very important case has recently been before this court, the case of *The Lake Shore Electric Ry. Co.* v. *Hobart,* in which it was held that the judgment of the court of common pleas must be reversed because the court permitted proof of an injury substantial in character, other than those alleged in the petition. Counsel are familiar with that case, or can become familiar with it very readily. And it is not new law at all. It is in line with many other decisions of the same character. This testimony was not only admitted over the objection of the defendant, but when the court came to charge the jury in this case, the court charged the jury that the plaintiff had claimed these additional injuries about which the testimony was received, when the fact is that they are not mentioned in the petition. The charge of the court is in accordance with the evidence, but we think neither the charge of the court nor the evidence is in accord with the petition, and for the two errors, to-wit, admitting the evidence of other injuries over the objection of the defendant and the charge of the court submitting these matters to the jury, this case will have to be reversed. The judgment of the court of common pleas will therefore be reversed.